UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

DONNA MARIE ROSA, as Administratrix of the Estate of
NICOLE ANN GARBELLOTTO, deceased,

                                 Plaintiff,

                -against-

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,
STATEN ISLAND UNIVERSITY HOSPITAL, THE
CITY OF NEW YORK, and JOHN DOES #1-30 (the name
"John Doe" being fictitious, as the true names are presently
unknown),

                          Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

18 CV 1384

**JURY TRIAL DEMANDED**

     Plaintiff DONNA MARIE ROSA, by her attorneys, DAVID B. RANKIN, of Beldock

Levine & Hoffman LLP, and ROSE M. WEBER, complaining of the defendants, respectfully

alleges as follows:

## PRELIMINARY STATEMENT

     1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her

decedent's civil rights, as said rights are secured by said statutes and the Constitutions of the

State of New York and the United States.  Plaintiff also asserts supplemental state law tort

claims.

## JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

     3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff's decedent NICOLE ANN GARBELLOTTO was a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.     Plaintiff DONNA MARIE ROSA is the mother of NICOLE ANN GARBELLOTTO.

8.     Plaintiff DONNA MARIE ROSA was duly appointed Administratrix of NICOLE ANN GARBELLOTTO's estate on or about August 2, 2017, Letters of Administration were duly issued to plaintiff DONNA MARIE ROSA by Kings County Surrogate's Court, and she has duly qualified and thereafter acted and is still acting as such Administratrix.

9.     Defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY ("TBTA") was and is a public-benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant TBTA maintains the Triborough Bridge and Tunnel Authority Police ("TBTAP"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned

public-benefit corporation, TBTA.

11.     That at all times hereinafter mentioned, the individually named defendants JOHN DOES #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or TBTA.

13.     Defendant STATEN ISLAND UNIVERSITY HOSPITAL ("SIUH") is a not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

14.     That at all times hereinafter mentioned, the individually named defendants JOHN DOES #11-20 were employees, servants, and/or agents of defendant SIUH and were acting under the supervision of SIUH and according to their official duties.

15.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting in compliance with the official rules, regulations, customs, usages, and/or practices of defendant SIUH.

16.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

17.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, City of New York.

18.     That at all times hereinafter mentioned, the individually named defendants JOHN DOES #21-30 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

19.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

20.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment.

21.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment.

## FACTS

22.     Upon information and belief, on December 7, 2016, at approximately 5:30 p.m., NICOLE ANN GARBELLOTTO was found unresponsive by TBTA personnel in a vehicle at a Verrazano Bridge toll plaza.

23.     Upon information and belief, a New York City Fire Department ambulance arrived shortly thereafter and EMTs administered Narcan, thereby reviving NICOLE ANN GARBELLOTTO.

24.     EMTs transported NICOLE ANN GARBELLOTTO to defendant STATEN ISLAND UNIVERSITY HOSPITAL, accompanied by defendant JOHN DOE TBTAP officers, arriving at approximately 6:30 p.m.

25.     Upon information and belief, defendant JOHN DOE TBTAP officers had placed

NICOLE ANN GARBELLOTTO under arrest.  They remained with her at SIUH for at least part of her time there.

26.     Upon arrival at SIUH, it was noted that NICOLE ANN GARBELLOTTO had overdosed, that she was intoxicated, that she complained of poor impulse control, and that she was a fall risk.  A psychiatric emergency protocol was initiated.

27.     Upon information and belief, NICOLE ANN GARBELLOTTO was given an additional dose of Narcan at approximately 8:00 p.m. and a third dose at approximately 9:45 p.m.  At least one of these doses was administered because NICOLE ANN GARBELLOTTO's condition deteriorated while at SIUH.

28.     JOHN DOE SIUH defendants were concerned that NICOLE ANN GARBELLOTTO was continuing to use narcotics while at the hospital and/or that she had taken a long-acting pill.

29.     In assuming physical custody of NICOLE ANN GARBELLOTTO, defendant JOHN DOE TBTAP officers established a special relationship with her requiring them, *inter alia*, to protect her from self-harm.

30.     Upon information and belief, defendant JOHN DOE TBTAP officers, who were charged with maintaining NICOLE ANN GARBELLOTTO safely in custody, failed to monitor properly to ensure that she did not consume additional narcotics while in their custody.

31.     A JOHN DOE defendant attending physician at SIUH noted that NICOLE ANN GARBELLOTTO had suffered an opioid overdose and might also have alcohol and benzodiazepines in her system.  S/he noted that s/he would "follow up [with] blood work, urine studies, [and] close reassessment."

32.     Upon information and belief, no such follow-up took place.  Instead, NICOLE

ANN GARBELLOTTO was discharged at approximately 1:45 a.m. on December 8, 2016.

33.     The decision by JOHN DOE SIUH defendants to discharge NICOLE ANN GARBELLOTTO was a substantial departure from accepted judgment, practice, and standards, in that it was substantially below accepted professional judgment.

34.     The standard of care requires monitoring the patient, and administering Narcan to counteract the effects of opioids -- most importantly, respiratory depression -- until the danger of acute toxicity has passed. The standard of care may include additional or varying measures depending on the patient's particular set of symptoms. But in no circumstances does the standard of care permit discharging from hospital care a patient known or suspected to have ingested opioids and who thus faces an acute risk of overdose.

35.     Opioid overdose and death are epidemic. Any reasonably competent emergency room practitioner would be familiar with the standard of care for treating someone facing an acute risk of overdose because of ingestion. No reasonably competent or humane physician would discharge someone from the hospital who had just ingested opioids and thus faced a life-threatening emergency.

36.     At some point while NICOLE ANN GARBELLOTTO was at SIUH, defendant JOHN DOE TBTAP officers were relieved by defendant JOHN DOE NYPD officers, who took Ms. Garbellotto into custody.

37.     Upon information and belief, defendant JOHN DOE TBTAP officers failed to advise defendant JOHN DOE NYPD officers as to NICOLE ANN GARBELLOTTO's condition and specifically as to the fact that she had overdosed and was suspected of having consumed additional narcotics while at the hospital.

38.     Upon information and belief, defendant JOHN DOE NYPD officers were aware, or in the exercise of due diligence should have been aware, of NICOLE ANN GARBELLOTTO's impaired condition and specifically that she had overdosed and was suspected of having consumed additional narcotics while at the hospital.

39.     Defendant JOHN DOE NYPD officers nonetheless removed NICOLE ANN GARBELLOTTO from the hospital and transported her to the 120th Precinct, and placed her in a cell.

40.     Upon information and belief, defendant JOHN DOE TBTAP officers had the opportunity to intervene but failed to do so when defendant JOHN DOE NYPD officers removed NICOLE ANN GARBELLOTTO from the hospital despite her obviously impaired condition.

41.     In assuming physical custody of NICOLE ANN GARBELLOTTO, defendant JOHN DOE NYPD officers established a special relationship with her requiring them, *inter alia*, to safeguard her from harm.

42.     Upon information and belief, despite their awareness of NICOLE ANN GARBELLOTTO's impaired condition and specifically that she had overdosed and was suspected of having consumed additional narcotics while at the hospital, defendant JOHN DOE NYPD officers failed to monitor Ms. Garbellotta properly.

43.     Upon information and belief, at approximately 10:30 a.m. on December 8, 2016, NICOLE ANN GARBELLOTTO was found unresponsive in the cell.

44.     FDNY EMTs arrived, attempted to resuscitate NICOLE ANN GARBELLOTTO, and transported her to Richmond University Medical Center.

45.     At 12:03 p.m. on December 8, 2016, NICOLE ANN GARBELLOTTO was pronounced dead.

46.     The cause of NICOLE ANN GARBELLOTTO's death was determined to be acute intoxication due to the combined effects of several drugs.

47.     NICOLE ANN GARBELLOTTO's death was a direct, proximate, and foreseeable result of defendants' actions and inactions as described above.

48.     As a result of NICOLE ANN GARBELLOTTO's death, plaintiff DONNA MARIE ROSA sustained, *inter alia*, pecuniary losses and loss of services, support, aid, maintenance, and contribution.

**FIRST CLAIM FOR RELIEF**
**INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     NYPD defendants JOHN DOES #21-30 were unreasonably indifferent to NICOLE ANN GARBELLOTTO's serious medical needs and thereby violated her right to constitutional conditions of confinement under the Fourth Amendment to the United States Constitution.

51.      NYPD defendants JOHN DOES #21-30 were deliberately indifferent to NICOLE ANN GARBELLOTTO's serious medical needs and thereby violated her right to due process of law under the Fourteenth Amendment to the United States Constitution.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Each and every individual NYPD and TBTAP defendant had an affirmative duty to intervene on NICOLE ANN GARBELLOTTO's behalf to prevent the violation of her constitutional rights.

54.    The individual NYPD and TBTAP defendants failed to intervene on NICOLE ANN GARBELLOTTO's behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

55.    As a result of the aforementioned conduct of the individual NYPD and TBTAP defendants, NICOLE ANN GARBELLOTTO's constitutional rights were violated and he was assaulted and subjected to excessive force and sustained physical injuries.

### THIRD CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    NYPD defendants JOHN DOES #21-30, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58.    Both before and after NICOLE ANN GARBELLOTTO's death, NYPD failed to establish policies, practices, and procedures regarding the treatment of arrestees suffering from or suspected to be suffering from drug overdose.

59.    Both before and after NICOLE ANN GARBELLOTTO's death, NYPD failed to train its officers in regard to the treatment of arrestees suffering from or suspected to be suffering from drug overdose.

60.    Both before and after NICOLE ANN GARBELLOTTO's death, NYPD failed to supervise its officers in regard to the treatment of arrestees suffering from or suspected to be suffering from drug overdose.

61.     Defendant THE CITY OF NEW YORK, by and through its policymakers, created and maintained a custom, policy, and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named defendants in this case, regarding the treatment of arrestees suffering from or suspected to be suffering from drug overdose.

62.     Defendant THE CITY OF NEW YORK had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because defendant knew that it was foreseeable that its officers would confront situations requiring knowledge of how to treat arrestees suffering from or suspected to be suffering from drug overdose, and that without the necessary training, supervision and discipline, constitutional violations would result. Yet defendant chose not to provide such training, supervision and discipline.

63.     Defendant THE CITY OF NEW YORK's failure to train, supervise and discipline amounted to gross negligence, deliberate indifference and/or intentional misconduct, and encouraged and/or permitted the named individual defendants to engage in the conduct which proximately and directly caused plaintiff's injuries and damages set forth above.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of NICOLE ANN GARBELLOTTO.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by NICOLE ANN GARBELLOTTO as alleged herein.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by NICOLE ANN GARBELLOTTO as alleged herein.

67.    All of the foregoing acts by defendants deprived NICOLE ANN GARBELLOTTO of federally protected rights, including, but not limited to, the right under the Fourth and Fourteenth Amendments not to be subjected to indifference to her serious medical needs

68.    As a result of the foregoing, plaintiff DONNA MARIE ROSA, as Administratrix of the Estate of NICOLE ANN GARBELLOTTO is entitled to compensatory damages against all defendants, jointly and severally, and is further entitled to punitive damages against all defendants except for the City of New York, jointly and severally.

## **PENDANT STATE CLAIMS**

69.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    On or about December 22, 2016, and within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the Triborough Bridge and Tunnel Authority and the Comptroller of the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e**.**

71.    The TBTA and the City of New York have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72.    The TBTA and the City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on September 18, 2017.

73.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

75.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## WRONGFUL DEATH

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     NICOLE ANN GARBELLOTTO died on or about December 8, 2016.

78.     NICOLE ANN GARBELLOTTO's death was caused by the wrongful, unlawful, and/or negligent conduct of all defendants herein.

79.     The wrongful, unlawful, and/or negligent conduct of all defendants herein gave rise to the causes of action as asserted by plaintiff DONNA MARIE ROSA herein.

80.     Prior to her death NICOLE ANN GARBELLOTTO experienced extraordinary physical and emotional pain and suffering.

81.     NICOLE ANN GARBELLOTTO is survived by persons who have suffered a loss as the result of her death, to wit plaintiff DONNA MARIE ROSA.

82.     As a result of the wrongful death of NICOLE ANN GARBELLOTTO, plaintiff DONNA MARIE ROSA has been permanently and totally deprived of the usual anticipated and potential services, support, aid, maintenance, and contribution of the said decedent and was obliged to incur pecuniary losses and funeral and other expenses, and was severely damaged.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MEDICAL MALPRACTICE

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     Through the acts or omissions described above, SIUH defendants JOHN DOES #11-20 deviated from the acceptable standards of medical care during their evaluation and treatment of NICOLE ANN GARBELLOTTO.

85.     SIUH defendants JOHN DOES #11-20 jointly and severally caused injury, pain and suffering, damage, and death to NICOLE ANN GARBELLOTTO.  The acts and conduct of defendants were the direct and proximate cause of injury, damage, and death to Ms. Garbellotto and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86.     As a result of the foregoing, NICOLE ANN GARBELLOTTO suffered conscious pain and suffering, damage, injury, and death.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENCE

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     In assuming physical custody of NICOLE ANN GARBELLOTTO, TBTAP defendants JOHN DOES #1-10 established a special relationship with her creating a duty to, *inter alia*, protect her from self-harm.

89.     In assuming physical custody of NICOLE ANN GARBELLOTTO, NYPD defendants JOHN DOES #21-30 established a special relationship with her creating a duty to, *inter alia*, safeguard her from harm.

90.    TBTAP defendants JOHN DOES #1-10 and NYPD defendants JOHN DOES #21-30 violated their respective duties of care to NICOLE ANN GARBELLOTTO.

91.    Defendants' violation of their duty of care to NICOLE ANN GARBELLOTTO was a direct and proximate cause and a substantial factor in bringing about her damages as outlined above, and, as a result, defendants are liable to plaintiff.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

94.    The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

95.    The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

96.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to NICOLE ANN GARBELLOTTO.

97.    As a result of the aforementioned conduct, NICOLE ANN GARBELLOTTO suffered shock, fright, severe emotional distress, and mental and physical injury.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    The aforementioned conduct was extreme and outrageous, and exceeded all

reasonable bounds of decency.

100.    The aforementioned conduct was negligent and caused severe emotional distress to NICOLE ANN GARBELLOTTO.

101.    The aforementioned conduct was committed by all of the individual defendants while acting within the scope of their employment.

102.    The aforementioned conduct was committed by all of the individual defendants while acting in furtherance of their employment.

103.    As a result of the aforementioned conduct, NICOLE ANN GARBELLOTTO suffered shock, fright, severe emotional distress, and mental and physical injury.

**SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING AND RETENTION**

104.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    Upon information and belief, defendants TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, STATEN ISLAND UNIVERSITY HOSPITAL, and THE CITY OF NEW YORK failed to use reasonable care in the hiring and retention of JOHN DOES #1-30.

106.    These defendants knew, or should have known in the exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT TRAINING AND SUPERVISION**

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth

herein.

108.    Upon information and belief, defendants TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, STATEN ISLAND UNIVERSITY HOSPITAL, and THE CITY OF NEW YORK failed to use reasonable care in the training and supervision of JOHN DOES #1-30.

109.    As a result of the foregoing, plaintiff DONNA MARIE ROSA, as Administratrix of the Estate of NICOLE ANN GARBELLOTTO is entitled to compensatory damages against all defendants, jointly and severally, and is further entitled to punitive damages against all defendants except for the City of New York, jointly and severally.

**WHEREFORE**, plaintiff DONNA MARIE ROSA, as Administratrix of the Estate of NICOLE ANN GARBELLOTTO, demands judgment against all defendants, jointly and severally, for compensatory damages and against all defendants except for the City of New York, jointly and severally, for punitive damages; plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:        New York, New York
              March 6, 2018

_____/S_____
ROSE M. WEBER (RW 0515)
30 Vesey Street, Suite 1801
New York, NY 10007
(212) 748-3355
------------------------------------------------

BELDOCK LEVINE & HOFFMAN LLP

By:_____
        David B. Rankin
        99 Park Avenue, PH/26th Floor
        New York, New York 10016
        (212) 490-0400