# ROSE M. WEBER
ATTORNEY AT LAW
30 VESEY STREET • SUITE 1801
NEW YORK, NEW YORK 10007

(212) 748-3355

April 13, 2018

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Donna Marie Rosa v. Triborough Bridge and Tunnel Authority, et al.*,
               18 CV 1384 (BMC)

Your Honor:

        Pursuant to the Court's Mandatory Requirements and in advance of the initial conference scheduled for April 18, 2018, the parties submit this joint letter describing the case, the claims and defenses, and contemplated motions.

        This case arises from the opioid overdose death of Nicole Ann Garbellotto ("decedent") at the 120th Precinct of the New York City Police Department ("NYPD") in Staten Island, and is brought by decedent's mother and administratrix, Donna Marie Rosa ("plaintiff"). On the evening of December 7, 2016, decedent was found unconscious in her car by Triborough Bridge and Tunnel Authority ("TBTA") police officers, who took her into custody and had her transported to Staten Island University Hospital ("SIUH"). TBTA police officers remained with decedent at the hospital until custody was transferred to NYPD officers. In the early morning hours of December 8, 2016, SIUH released decedent into the custody of NYPD officers, who transported her to the 120th Precinct and placed her in a cell. At approximately 10:30 a.m., decedent was found unresponsive in the cell, and shortly after noon she was pronounced dead.

        Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**Plaintiff's Claims**

        <u>Indifference to serious medical needs</u>: Plaintiff maintains that in removing decedent from the hospital and in placing her in a cell and failing to monitor her properly, NYPD officers were unreasonably indifferent under the Fourth Amendment and deliberately indifferent under the Fourteenth Amendment to decedent's serious medical needs.

<u>Failure to intervene</u>:  Plaintiff maintains that TBTA officers failed to intervene to prevent NYPD officers from removing decedent from the hospital.  Plaintiff also maintains that certain NYPD officers, while not directly involved in removing decedent from the hospital and/or leaving her unmonitored in a cell, failed to intervene to prevent other NYPD officers from doing so.

<u>Municipal liability</u>:  Plaintiff maintains that NYPD had a custom, policy, and/or practice of failing to adequately train, supervise and discipline its employees regarding the treatment of arrestees suffering from or suspected to be suffering from drug overdose, leading to decedent's death.

<u>Wrongful death</u>:  Plaintiff maintains that the wrongful, unlawful, and/or negligent conduct of all defendants caused decedent's death.

<u>Medical malpractice</u>:  Plaintiff maintains that the acts and omissions of SIUH defendants deviated from the acceptable standards of medical care and led to decedent's death. Specifically, SIUH defendants suspected that decedent had taken additional drugs while at the hospital and/or was under the influence of long-acting drugs, and yet still released her into police custody.

<u>Negligence</u>:  Plaintiff maintains that, by taking decedent into custody, TBTA officers and NYPD officers established a special relationship with decedent, and that they breached their duty to keep her safe.

<u>Intentional and negligent infliction of emotional distress</u>:  Plaintiff maintains that in engaging in the acts and omissions that led to decedent's death, all defendants intentionally and/or negligently inflicted emotional distress on her.

<u>Negligent hiring, retaining, training, and supervising</u>:  Plaintiff maintains that defendants TBTA, SIUH, and City failed to use reasonable care in the hiring, retaining, training, and supervision of the individual defendants.

**TBTA's Defenses and Contemplated Motions**

The State cause of action for negligence is premised upon the existence of a special relationship as defined by the New York State Court of Appeals under <u>Cuffy v. City of New York</u>, 69 N.Y.2d 255, 513 N.Y.S.2d 372 (1987). The facts plead in plaintiff's complaint and notice of claim fail to set forth the requisite predicate for any such special relationship and is fatal to the maintenance of any action against the municipality. <u>Puello v. City of New York</u>, 118 A.D.3d 492, 987 N.Y.S.2d 141 (1st Dept. 2014). In the absence of a special relationship, no liability can conceivably be apportioned to the TBTA as it is immune from liability for the administration of their ministerial duties. <u>McLean v. City of New York</u>, 12 N.Y.3d 194, 203, 878 N.Y.S.2d 238, 244-245 (2009). Plaintiff's claims for the infliction of emotional distress fail as they fail to satisfy the elements of the tort as defined by the Court of Appeals in <u>Howell v. New York Post Co., Inc.</u>, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993). Notwithstanding the absolute governmental immunity for the state law claims, where an employee is acting within the scope of their employment, rendering the employer vicariously liable for their actions under the doctrine *respondeat superior*, no claim can proceed against the employer for negligent hiring, retention,

etc. Karoon v. New York City Transit Authority, 241 A.D.2d 323, 659 N.Y.S.2d 27 (1st Dept. 1997). As to any Federal claim under 42 U.S.C. § 1983, plaintiff's complaint fails to delineate, state or make reference to any concrete or articulable TBTA policy that any TBTA officer allegedly followed on the date of this incident. Monell v. Dept. of Social Svcs. of City of New York, 436 U.S. 659, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

The TBTA has already made a pre-answer motion to dismiss all claims, Federal and State. In the event that motion is denied, a summary judgment motion will be made at the close of discovery.

**SIUH's Defenses and Contemplated Motions**

SIUH's position is that its staff properly evaluated and treated the plaintiff Nicole Garbellotto on December 7-8, 2016 and she was appropriately discharged into police custody. A contemplated partial motion to dismiss may address certain causes of action including intentional and negligent infliction of emotional distress and negligent hiring.

**City's Defenses and Contemplated Motions**

Defendant City of New York ("City") is currently investigating plaintiff's allegations and claims. However, defendant City contends that plaintiff's claims are not properly pled and are otherwise without merit. As plaintiff's federal law claims are insufficiently pled and otherwise without merit, defendant City also contends that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Defendant City further asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Any injury alleged to have been sustained resulted from the plaintiff's and/or the decedent's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

3. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing the protection of civil rights.

4. Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et. seq.*

5. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

Defendant City reserves the right to assert additional affirmative defenses in its answer to the Complaint, which is due to be filed on May 29, 2018. Defendant City contemplates moving for summary judgment following the close of discovery.

Thank you for your consideration in this matter.

Very truly yours,

/s

Rose M. Weber (RW 0515)

cc: David H. Schultz, Esq. (by ECF)
Gregg D. Weinstock, Esq. (by ECF)
Kavin Thadani, Esq. (by ECF)