```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DONNA MARIE ROSA,                                           :
as Administratrix of the Estate of Nicole Ann               :
Garbellotto, deceased,                                      :
                                                            :
                            Plaintiff,                      :
                                                            :
            - against -                                     :
                                                            :       MEMORANDUM
TRIBOROUGH BRIDGE AND TUNNEL                                :       DECISION AND ORDER
AUTHORITY, STATEN ISLAND                                    :
UNIVERSITY HOSPITAL, THE CITY OF                            :       18-cv-1384 (BMC)
NEW YORK, BTO TROY MCGRUDER, BTO                            :
MATTHEW CAPUTO, BTO LISA SANCHEZ,                           :
BTO NICOLE FRANCIS, LT. RICHARD                             :
CUPO, DR. WILLIAM CAPUTO, DR. NIMA                          :
MAJLESI, ARIANNA FREYRE, SGT. DAWN                          :
SUSI-ORTIZ, LT. DENIS SAMUYLIN, P.O.                        :
NANCY HEINZ, P.O. ERICKA DENDY, and                         :
P.O. DANIELLE VELASQUEZ,                                    :
                                                            :
                            Defendants.                     :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case arises from a sad incident in which a young woman died from a self-administered overdose of illegal and prescription drugs. Her mother, as Administratrix, has sued the Triborough Bridge and Tunnel Authority and its individual officers (together, the "TBTA Defendants"), who found her unconscious and took her to the hospital; the hospital and hospital personnel who tried to revive her; the City of New York; and the NYPD and its officers who took custody after her discharge from the hospital. The TBTA Defendants have moved to dismiss the claims against them. Although the decedent's death is unfortunate, the complaint does not contain factual allegations sufficient to support a claim that they violated federal constitutional requirements. The motion is therefore granted.

## SUMMARY OF AMENDED COMPLAINT

The following facts are drawn from plaintiff's amended complaint and are taken as true for the purpose of defendants' motion.

TBTA personnel found Garbellotto unresponsive in a vehicle at the Verrazano Bridge toll plaza. TBTA Officer McGruder then placed her under arrest for DUI. Shortly thereafter, a New York City Fire Department ambulance arrived. Emergency Medical Technicians revived Garbellotto by administering Narcan[1] and transported her to defendant Staten Island University Hospital ("SIUH"), accompanied by McGruder and TBTA Officer Caputo.

At SIUH, McGruder, Caputo, TBTA Officers Sanchez and Francis, and their commander, Lieutenant Cupo, were present while SIUH personnel evaluated and treated Garbellotto. The amended complaint alleges that "it was noted" that that Garbellotto had overdosed, was intoxicated, complained of poor impulse control, and was a fall risk. But the amended complaint does not allege who made these observations. Unidentified SIUH personnel then initiated a psychiatric emergency protocol and administered two additional doses of Narcan.

One or more individual SIUH defendants were concerned that Garbellotto was continuing to use narcotics while at the hospital or that she had taken a long-acting pill. SIUH personnel noted that Garbellotto suffered an opioid overdose and might have alcohol and benzodiazepines in her system. However, the amended complaint does not allege that SIUH personnel informed the TBTA Defendants about these concerns. A doctor at SIUH also noted that he would conduct blood work, urine studies, and close reassessment, but he did not do so. Garbellotto was discharged approximately seven hours after she was admitted to SIUH.

---

[1]Narcan is a type of medication used to block the effects of opioids. It can treat narcotic overdoses in emergency situations.

Approximately two and a half hours after Garbellotto was discharged, McGruder and Sanchez removed Garbellotto from the hospital and transported her to the 120th Precinct of the New York Police Department (the "NYPD"). McGruder and Sanchez then placed Garbellotto in a cell. McGruder and Sanchez did not inform the police that Garbellotto had overdosed and was suspected of consuming additional narcotics at the hospital.

Garbellotto died in her cell later that day.

Plaintiff then brought this action. The amended complaint includes the following claims against some or all of the TBTA Defendants: (1) violation of the decedent's right to due process by indifference to serious medical needs ; (2) failure to intervene to prevent that constitutional deprivation; (3) wrongful death; (4) negligence; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligent hiring and retention; and (8) negligent training and supervision.

**DISCUSSION**

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), require a plaintiff to plead factual allegations in a complaint sufficient to raise a right to relief above the speculative level. See also Brown v. Daikin America, Inc., 756 F.3d 219, 228 n.10 (2d Cir. 2014). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570); see also Iqbal, 556 U.S. at 678 (same). To apply that standard, the court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678.

I.   **Federal Law Claims**

   A. **Deliberate Indifference Under the Fourteenth Amendment**

Plaintiff alleges that the individual TBTA Defendants violated Garbellotto's right to due process of law under the Fourteenth Amendment because they were deliberately indifferent to her medical needs.  Deliberate indifference entails more than negligence, but less than conduct undertaken for the very purpose of causing harm or with knowledge that harm will result. Farmer v. Brennan, 511 U.S. 825 (1994).  See also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.").

Plaintiff's allegations against the TBTA Defendants fall short of this standard.  Plaintiff claims that the individual TBTA Defendants were present while Garbellotto was at SIUH and failed to monitor her to ensure that she did not consume additional narcotics while in their custody.  But the individual TBTA Defendants were not obligated to constantly observe her consumption of medication or other substances while SIUH medical professionals treated her. To the contrary, such constant observation could have interfered with Garbellotto's medical treatment.  Instead, the individual TBTA Defendants ensured that Garbellotto received professional medical care at a hospital.  And once Garbellotto was under the care of SIUH medical professionals, the individual TBTA Defendants were entitled to rely on the medical judgment of medical professionals at SIUH in determining Garbellotto's medical needs.  See Cucco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000); Phelan v. Chin, No. 10-CV-6344, 2012 WL 3597409, at *2 (W.D.N.Y., Aug. 20, 2012).

Plaintiff also claims that McGruder and Sanchez failed to advise personnel at the 120th Precinct that Garbellotto had overdosed and was suspected of having consumed additional narcotics while at the hospital. Yet plaintiff has failed to plead any facts suggesting that McGruder and Sanchez knew this information. The closest she gets is the allegation that the individual TBTA Defendants "were aware, or in the exercise of due diligence should have been aware, of [Garbellotto's] impaired condition." Such a conclusory allegation does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.

### B. Deliberate Indifference Under the Fourth Amendment

Plaintiff also alleges that the individual TBTA Defendants violated the Fourth Amendment. In support of this claim, plaintiff cites cases from the Southern District of New York and the Seventh Circuit that address the denial of medical care as a violation of the Fourth Amendment. Currie v. Chhabra, 728 F.3d 626 (7th Cir. 2013); Lewistown v. Clarkstown Police Dep't, No. 11 Civ. 2487, 2014 WL 6883468 (S.D.N.Y. Dec. 8, 2014). Even if denying medical treatment violates the Fourth Amendment, no such violation occurred here, because there are no facts alleged against the individual TBTA Defendants that would plausibly show that they denied her medical treatment. The amended complaint does not allege that the TBTA Defendants interfered with or prevented her transportation to the hospital. And the amended complaint does not allege that, once Garbellotto was at the hospital, the TBTA Defendants interfered with or otherwise inhibited her medical treatment.

Thus, plaintiff's claims for deliberate indifference against the TBTA Defendants are dismissed.

### C. Failure to Intervene

Plaintiff alleges that some TBTA Defendants failed to intervene on Garbellotto's behalf to prevent violations of her constitutional rights by other TBTA Defendants and the NYPD defendants. To establish a claim for failure to intervene, a plaintiff must prove the following four elements: (1) that a constitutional violation was being committed against the plaintiff; (2) that the officer knew, or deliberately ignored, the fact that the constitutional violation was going to be, or was being, committed; (3) that the defendant had a reasonable opportunity to intervene and prevent the harm; and (4) that the defendant did not take reasonable steps to intervene. Thomas v. City of Troy, 293 F. Supp. 3d 282, 296 (N.D.N.Y. 2018).

None of the TBTA Defendants can be held liable for constitutional violations committed by other TBTA Defendants because, as discussed above, none of the TBTA Defendants violated Garbellotto's constitutional rights. And the TBTA Defendants cannot be held liable for any constitutional violations committed by the NYPD defendants because plaintiff has not alleged any additional element of a failure to intervene claim, including how the TBTA Defendants could have had a realistic opportunity to intervene to prevent any of the NYPD defendants' alleged violations of Garbellotto's constitutional rights. The failure to intervene claim against the TBTA Defendants is therefore dismissed.[2]

## II. State Law Claims

In addition to her federal claims, plaintiff also alleges state law claims against the TBTA Defendants under the Court's supplemental jurisdiction. Having dismissed the federal claims

---

[2] The individual TBTA Defendants have also claimed that plaintiffs' federal claims should be dismissed because of qualified immunity. Because plaintiff's federal claims are dismissed on other grounds, it is unnecessary to decide whether the individual TBTA Defendants are entitled to qualified immunity.

against the TBTA Defendants, the Court declines to exercise supplemental jurisdiction over these claims.

Under 28 U.S.C. § 1367(c), a district court may "decline to exercise supplemental jurisdiction over a claim" if the district court "has dismissed all claims over which it has original jurisdiction." Indeed, the Supreme Court has directed that, except in unusual circumstances, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Here, the Court has not dismissed all federal claims in this case, since federal claims remain against the NYPD defendants and the City of New York.

However, under 28 U.S.C. § 1367(c), a district court may also decline supplemental jurisdiction over a claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction." The Supreme Court has also directed that "[o]nce it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." Gibbs, 383 U.S. at 727. Accordingly, district courts have dismissed parties from proceedings when the only claims pending against them are state claims, even though the action is still pending against other parties. See Hockeson v. New York State Office of General Services, 188 F.Supp.2d 215 (N.D.N.Y. 2002); Ponticelli v. Zurich American Ins. Group, 16 F.Supp.2d 414 (S.D.N.Y. 1998); Houston v. Fidelity (Nat. Fin. Services), No. 95 Civ. 7764, 1997 WL 97838 (S.D.N.Y. March 6, 1997); Torres v. New York University, No. 95 Civ. 4106, 1996 WL 15691 (S.D.N.Y. Jan. 17, 1996).

Here, after the dismissal of the federal claims against the individual TBTA Defendants, the remaining causes of action include three federal claims against the NYPD defendants and the City of New York as well as seven separate state claims. The state claims, which are primarily

7

based on negligence and similar causes of action, overwhelm the remaining federal claims. These negligence-related claims, as well as the claim for intentional infliction of emotional distress, raise different legal issues than any federal claim for a constitutional violation. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015). Plaintiff's state claims also raise factual issues separate from the remaining federal claims, which relate solely to the conduct of the NYPD when it took custody of Garbellotto. Any discovery the parties have conducted, or will conduct, about events occurring before the NYPD took custody of Garbellotto is separate from discovery about the conduct of the NYPD and the City of New York.

      The TBTA Defendants have also claimed that the statute of limitations has expired as to all of plaintiff's state law claims – but not its federal claims – against the TBTA Defendants. Resolving the statute of limitations defense would require addressing issues that are unrelated to the remaining federal claims and that are most appropriate for adjudication in New York state court, which is in the best position to resolve disputes involving New York state law claims and defenses, including defenses under a statute of limitations. Thus, declining supplemental jurisdiction is consistent with the Supreme Court's directive to avoid "[n]eedless decisions of state law … both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

## CONCLUSION

TBTA Defendants' motion to dismiss is granted with prejudice with respect to the federal claims and without prejudice with respect to the state law claims.

**SO ORDERED.**

                                                                                        _____
                                                                                                            U.S.D.J.

Dated:  Brooklyn, New York
            November 15, 2018