# BARRY MCTIERNAN & MOORE LLC

COUNSELORS AT LAW
2 RECTOR STREET – 14th FLOOR
101 GREENWICH STREET
NEW YORK, NEW YORK 10006
TEL: (212) 313-3600
FAX: (212) 608-8901
FAX: (212) 608-8902 (TOXIC TORT)

WESTCHESTER OFFICE
55 CHURCH STREET
WHITE PLAINS, N.Y. 10601
TEL: (914) 946-1030
FAX: (914) 946-3814

NEW JERSEY OFFICE
15 QUAKER HILL LANE
RANDOLPH, N.J. 07869
TEL: (973) 366-1004
FAX: (212) 608-8901

December 14, 2018

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Attn: Judge Brian Cogan

  Re:  <u>Rosa v. TBTA, et al</u>
  Docket: 18 cv 1384 (BCM)

Dear Judge Cogan:

  We are the attorneys for non-parties Triborough Bridge & Tunnel Authority ("TBTA"), B.T.O. Troy McGruder, B.T.O. Matthew Caputo, B.T.O. Lisa Sanchez-Montalvo, B.T.O. Nicole Francis and Lt. Richard Cupo (the "Individual Officers").

  Please accept this letter as a request for a pre-motion conference with respect to the TBTA and Individual Officers' intention to move for an order quashing the five (5) subpoenas served upon the Individual Officers directing them to give testimony on December 20, 2018 and December 21, 2018. Concomitant with this request, we also ask the court to stay the depositions until the motion can be decided. Counsel for plaintiff and the TBTA/Individual Officers conferred by phone on the evening of December 13, 2018 and jointly submit this letter.

  As this court surely recalls, on March 6, 2018, plaintiff filed a Complaint, solely naming the TBTA, SIUH and the City of New York as defendants. (Docket # 1). None of the Individual Officers were named as defendants in the original Complaint. On April 18, 2018, this Court granted the TBTA's Fed.R.Civ.P. 12(b)(6) motion to dismiss the complaint in its entirety. (April 18, 2018 Minute Entry and Order for Initial Status Conference).

## **BACKGROUND**

  On May 16, 2018, plaintiff filed her Amended Complaint, once again naming the TBTA as a defendant, and naming the Individual Officers as defendants. (Docket # 23). On November 15, 2018, this Court granted the TBTA and the Individual Officers' Fed.R.Civ.P. 12(b)(6) motion to dismiss the complaint. (Docket # 56). In dismissing the Federal Claims with prejudice and the state claims without prejudice, this Court concluded that "any discovery the parties have

United States District Court/Judge Brian Cogan
December 14, 2018
Page 2

conducted, or will conduct, about events occurring before the NYPD took custody of Garbellotto is separate from discovery about the conduct of the NYPD and The City of New York."

On December 11, 2018, plaintiff served Subpoenas to Testify At A Deposition in A Civil Action upon each of the Individual Officers. (Exhibit "B").

On December 12, 2018, plaintiff commenced an action against the TBTA in the Supreme Court of the State of New York, County of Kings under index number 525024/2018. (Exhibit "A"). In the complaint, plaintiff seeks to hold the TBTA vicariously liable for the actions of the Individual Officers served with deposition subpoenas. The claims in the recently filed State action are nearly identical to those plead in the Federal Complaint and Amended Complaint.

**TBTA'S POSITION**

Fed.R.Civ.P. 45(c)(3)(A)(iv) protects non-parties subject to a subpoena by mandating that the court "quash . . . the subpoena if it . . . subjects [the person] to undue burden." The issue of determining whether an undue burden exists falls within the discretion of the Court. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir. 2003); Jones v. Hirschfeld, 219 F.R.D. 71 (S.D.N.Y. 2003). Unequal discovery rights in related litigation has been considered an undue burden, especially given the potential for abuse of the liberal discovery rules in federal court. Dove v. Atlantic Capital Corp., 963 F.2d 15 (2d Cir. 1992).

The claims in the state action have already been twice dismissed by this Court. It is manifestly unfair to permit plaintiff to conduct depositions of the Individual Officers in this action so that their testimony can be used in furtherance of a state court action seeking to hold the Individual Officers' employer vicariously liable under a theory of *respondeat superior*. Especially in light of this Court's finding that discovery with respect to what transpired before the City of New York took custody of Ms. Garbellotto is separate from the federal causes of action against the City, the depositions plaintiff seek should take place in the state court action, not herein.

**PLAINTIFF'S POSITION**

The former TBTA officer defendants, in various configurations, were with Nicole Garbellotto (plaintiff's decedent) from the moment that she was found unresponsive on the Verrazzano Bridge till the moment that she was put in a cell at the 120th Precinct. They are critical eyewitnesses to the entirety of what occurred at Staten Island University Hospital (whose employees are still defendants herein) and to at least part of what occurred at the precinct. Plaintiff would be gravely prejudiced should she not be permitted to have depositions of these vital eyewitnesses.

TBTA mischaracterizes *Dove v. Atlantic Capital Corp.*, 963 F.2d 15 (2d Cir. 1992), which actually stands for the opposite proposition. In *Dove*, the Second Circuit upheld the district court's refusal to issue a protective order, stating, "[W]here the discovery sought is relevant to . . . the federal case, the mere fact that it may be used in other litigation does not

United States District Court/Judge Brian Cogan
December 14, 2018
Page 3

mandate a protective order." *Id.* at 19. *See also Janfeshan v. U.S. Customs & Border Prot.*, No. 16-CV-6915, 2018 WL 741369, at *4 (E.D.N.Y. Feb. 7, 2018) ("[I]t is well-established that the Federal Rules of Civil Procedure create no automatic prohibition against using discovery obtained in one litigation for outside purposes.").

"The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." *Roth v. County of Nassau*, No. 15 CV 6358, 2017 WL 75753, at *4 (E.D.N.Y. Jan. 6, 2017). TBTA has come nowhere near meeting that burden, nor can it. It has been very difficult to schedule these depositions, involving five deponents and four sets of counsel. The Court should not only deny TBTA's application, but it should also refuse to adjourn the depositions.

At the present time, the non-party depositions of the Individual Officers are scheduled to take place on December 20, 2018 and December 21, 2018. In light of the potential motion to quash, the TBTA and the Individual Officers respectfully request that, at the very least, the depositions be adjourned until the issues herein are resolved.

Very truly yours,

BARRY McTIERNAN & MOORE LLC

*David H. Schultz*

DAVID H. SCHULTZ